Curia, per
Evans, J.
This is not a case involving the right of the defendant to have several actions brought against him by the same plaintiff, consolidated into one. The application is to compel the plaintiff to file a declaration, in order that the defendant may plead a discount for a sum beyond the summary process jurisdiction of the court. Where the plaintiff’s demand is under twenty pounds sterling, he may have his judgment the first court. This is an advantage which the plaintiff has, arising out of his contract, and one of which the court will not deprive him, except in those cases where the law prohibits the defence from being tried in the summary process jurisdiction, as where the title to land is involved, or where great and manifest injustice would be done by the refusal of the motion. The case of Beckham vs. Eccles & Peay, 1 Bailey, 121, is an illustration of the ground on which the court will interfere, and deprive the plaintiff of his legal right to have his judgment the first court. In that case the court was fully satisfied of the merits of the defence, and that the plaintiffs were insolvent, so that unless the defendant could set off his demand against the plaintiffs’s action, great and irreparable injustice would be done to him. The court say, “Justice ought not to be so perverted, and so long as the court can exercise any discretion, it ought not to be so perverted.” Questions of this kind must, of necessity, be addressed to the discretion of the circuit court; but if not properly exercised, that court will be controlled by this, as was done in the case above cited.
In this case none of those strong reasons existed which influenced the decision in the case of Beckham vs. Eccles & Peay. No satisfactory evidence of the insolvency of Knox was offered. The court was not satisfied of the merits of the defence, but was inclined to the opinion the *633 object of the motion was delay. Besides this, the defendant had decided for himself, by electing to bring his action.
This court does not perceive any sufficient reason for disturbing the decision of the circuit court, and the motion is dismissed.
Richardson, Q’Neall, Butler, Wardlaw and Frost, JJ, concurred,